[Civ. No. 6205. Second Appellate District, Division One.—March 19, 1929.]

MILK PRODUCERS ASSOCIATION OF SAN DIEGO COUNTY (a Co-operative Association), Respondent, v. E. H. WEBB, Appellant.

Luce & Swing for Appellant.

Sweet, Stearns & Forward for Respondent.

YORK, J.—The plaintiff and respondent is in the nature of a co-operative association organized and operated for the benefit of its members, all of whom are dairymen.

The appellant applied for and was granted membership in the association in February, 1919, at the same time entering into a produce sale agreement with the plaintiff association, whereby it was agreed that he was to deliver to and the association was to buy from him a certain specified minimum quantity of milk per diem. Among others, the produce sale agreement contained the following provisions:

"Sec. 17: This contract may be terminated by either of the parties hereto by service upon the other party 30 days prior to the end of any yearly period from June 1, 1917, of a written notice stating that this contract will be terminated on the following June 1.

"Sec. 15: It is mutually understood that it is now and ever will be extremely difficult and impracticable to ascertain the amount of damage that would be suffered by said Association upon the failure of the seller to deliver milk as in this contract provided, because this agreement is one

of a series identical in terms and is part of a cooperative movement by milk producers which depends wholly upon performance of each and every produce sale agreement, and it is therefore agreed that said association shall be entitled after three days' written notice from the Board of Directors, as liquidated damages, to the sum of fifty cents ($.50) for each and every hundred pounds of milk which said seller shall fail to deliver less than the minimum amount of such milk herein agreed to be delivered."

It is undisputed that appellant failed to give the notice, as required in section 17, prior to June 1, 1923, the end of the current year, and that, beginning with July 16, 1923, he failed to deliver to the plaintiff association any milk, but sold it to a rival distributing company without the consent of the plaintiff, thereby violating the terms of his produce sale agreement. It is also undisputed that on October 9, 1923, plaintiff caused a notice to be served upon appellant demanding payment before October 12, 1923, of the sum of $3,174.69, as liquidated damages for such violation. Appellant refused to pay the amount demanded and this action was commenced on April 17, 1924, to collect such damages.

Appellant's main defense to the action was that under section 8, article VIII, of the by-laws of the plaintiff association, his violation on July 16, 1923, of the terms of the produce sale agreement constituted a cancellation of his membership in the association and a termination of the produce sale agreement.

The trial court gave judgment to the plaintiff for the sum of $2,294.48, as liquidated damages for the period commencing October 13, 1923 (three days after service of notice by plaintiff upon appellant), and ending May 31, 1924, the date of the termination of the contract.

The appellant appeals from this portion of the judgment generally on the ground that it is not supported by the evidence and that the conclusions of law and judgment are erroneous. In his brief, appellant cites nine specifications of error, several of which are included in his contention that the contract sued upon is invalid and void. He contends that this is not a proper case for the imposition of liquidated damages; that the judgment was erroneous because the amount of liquidated damages decreed was not provided for

in the contract, by stipulation nor proved as actual damages; that the contract had been abandoned by both parties, and, therefore, cannot be enforced by plaintiff.

Upon an examination of the record in this case, we are convinced that there is sufficient evidence to support each and every finding made by the trial court, and that the judgment is amply supported by the evidence.

It was shown by the evidence that appellant had made application for a reduction in the minimum amount of milk required to be furnished by him under his contract, several times during the period covered and each time his application was granted.

The appellant contends that the produce sale agreement was invalid for various reasons. In his answer to the complaint, he failed to plead invalidity of the contract, and his contention upon this point is therefore without merit.

It is an elementary rule of law that parties to a contract may provide for the amount of liquidated damages to be paid upon a breach of its terms, under the exceptions provided by section 1671 of the Civil Code, and there is sufficient evidence in the record of the instant case to support the judgment of the trial court that the plaintiff should be allowed the amount of damages provided by the terms of the contract involved here.

The appellant contends that there was insufficient proof of actual damage suffered by plaintiff to support the judgment of the trial court. Upon an examination of the record we find that there was sufficient proof introduced and the most that can be said for appellant's argument here is that he introduced some evidence tending to refute the claims of the plaintiff as to the damage suffered, and where there is a conflict in the evidence this court will not disturb the findings and judgment of the trial court made in accordance with plaintiff's evidence.

Another contention of appellant is that section 8, article VII, of the by-laws of plaintiff association, providing that if any member ceases to comply with the terms of his produce sale agreement, that his membership shall cease, effects an immediate termination of the contract, which is binding upon both parties to it, and equivalent to an abandonment. As to this, there was no evidence introduced at the trial tending to show that the plaintiff had abandoned

or had any intention of abandoning the contract, but on the contrary, it was affirmatively shown that the plaintiff continued to stand upon and to rely upon the terms of the contract in its effort to collect the damages provided thereunder.

 Appellant assigns as error the amount of damages assessed by the trial court and insists that the court had no right to arbitrarily fix the period during which liquidated damages should run. Upon an examination of sections 15 and 17 of the produce sale agreement, *supra*, and of the notice actually given by the plaintiff and the reply thereto by the appellant, together with the evidence upon this point adduced at the trial, we are of the opinion that the amount of damages was correctly assessed by the trial court running from the date of breach of the contract by appellant to the date of its termination, viz.: October 13, 1923, which was three days after the date of service of notice by plaintiff upon appellant, to May 31, 1924, the date upon which the court found that the contract had been terminated.

For the foregoing reasons, we are of the opinion that the judgment of the trial court should be affirmed, and it is so ordered.

Houser, Acting P. J., and Crail, J., *pro tem.*, concurred.